# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

IN RE:

**JOANNE GRAHAM,**

        Debtor.                               Case No. 05-00338-8-JRL
                                                                    Chapter 13

## ORDER

This case is before the court on the debtor's motion for disgorgement of attorney's fees. On September 6, 2005, the court conducted a hearing on this matter in New Bern, North Carolina.

Janet Pitman Reed ("Reed") is counsel for the debtor. On December 20, 2004, the debtor paid Reed $194.00 for the bankruptcy filing fee and $300.00 in attorney's fees. On January 5, 2005, the debtor paid Reed an additional $500.00 in attorney's fees. On January 13, 2005, the debtor filed for relief under Chapter 13. Reed proposed a Chapter 13 plan on behalf of the debtor.

The debtor's § 341 meeting was scheduled for February 28, 2005. Reed failed to attend the meeting, and she did not arrange for another attorney to represent the debtor. At the meeting, the trustee told the debtor that the proposed plan was unworkable.

A hearing on the trustee's motion for confirmation was scheduled for May 3, 2005 in New Bern. On that day, the debtor waited for three hours in the courtroom for her case to be called only to find that it had been continued until May 31, 2005. Reed had failed to advise the debtor of the continuation.

On August 10, 2005, Reed requested a hearing to object to the trustee's latest motion for confirmation. In that request, she provided no basis for her objection. To date, no plan has been confirmed

1

in the case.

The debtor filed the subject motion for disgorgement of attorney's fees, and the court scheduled a hearing on the motion for August 17, 2005 in Wilmington. On August 10, 2005, Reed moved to continue that hearing due to a conflicting trial. Thereafter, on August 12, 2005, the court rescheduled the hearing on the motion for September 6, 2005. On September 2, 2005, Reed contacted the court and said that she would be running late to the hearing due to a state court proceeding in Onslow County. Reed requested that this court hold the matter open until she arrived. The subject motion was scheduled on the 10:00 a.m. calendar. Reed did not move for a continuation of the hearing, so the court attempted to accommodate Reed by holding the matter open as long as possible. However, at the end of the 10:00 a.m. calendar, Reed was still not present in the courtroom. Consequently, the court conducted the hearing without Reed. Reed did not appear at the courthouse until approximately 11:30 a..m.

The debtor believes her attorney's inaction is impeding the progress of her case. Based on the foregoing, the court finds that the debtor has received unsatisfactory representation from her attorney. Reed proposed a Chapter 13 plan that was woefully inadequate, she failed to attend the § 341 meeting or arrange another attorney to be there, she failed to inform the debtor of the continuation of the May 3, 2005 hearing, and she failed to timely appear at the hearing on the subject motion. Reed also filed a request for a hearing to object to the trustee's latest motion for confirmation. The court denies that request, as it provides no basis for an objection. Pursuant to 11 U.S.C. § 329, the court may order the return of compensation that exceeds the reasonable value of services rendered. Here, the only benefit the debtor

2

gained from Reed's representation was the filing of the case. Reed must return the $800.00 in attorney's fees to the debtor, and she is relieved from any further representation of the debtor.

**So Ordered.**

**Dated: September 8, 2005**

J. Rich Leonard
United States Bankruptcy Judge